UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SHAUGHNESSY,<br><br>    Plaintiff,<br><br>  -against-<br><br>SCOTIABANK, and KAY LAZIDIS, MICHAEL TROMBLEY and ELYSSA HERMAN, *in their individual and professional capacities*;<br><br>    Defendants. | Case No. 1:22-CV-10870 (LAP) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION PURSUANT TO FED. R. CIV. P. 12 TO DISMISS PLAINTIFF'S CLAIMS UNDER NEW YORK LAW AND PURSUANT TO RULE 26 FOR EXPEDITED DISCOVERY TO DETERMINE IF SUBJECT MATTER JURISDICTION EXISTS FOR PLAINTIFF'S ADEA CLAIM**

Margaret L. Watson
Adriana H. Foreman
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022-3298
(212) 583-9600

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

LEGAL ARGUMENT ............................................................................................................... 4

POINT I ...................................................................................................................................... 4

STANDARD OF REVIEW ....................................................................................................... 4

POINT II ..................................................................................................................................... 5

PLAINTIFF CANNOT INVOKE THE PROTECTIONS OF NEW YORK STATE OR CITY LAW, AS HE LIVED AND WORKED IN CONNECTICUT AT THE TIME THE EVENTS GIVING RISE TO HIS CLAIMS AROSE ................................................................. 5

POINT III .................................................................................................................................... 7

PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THERE IS NO BASIS FOR INDIVIDUAL LIABILITY UNDER FEDERAL LAW ......................................................................................................... 7

POINT IV .................................................................................................................................... 8

EXPEDITED DISCOVERY PURSUANT TO RULE 26(D)(1) IS APPROPRIATE HERE AS THE QUESTION OF WHETHER PLAINTIFF WAS AN EMPLOYEE IS DISPOSITIVE OF WHETHER HE CAN PROCEED WITH AN ADEA CLAIM ..................... 8

CONCLUSION ......................................................................................................................... 12

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amaya v. Ballyshear LLC*,
    340 F. Supp. 3d 215 (E.D.N.Y. 2018) ..................................................................................6

*Anyan v. N.Y. Life Ins. Co.*,
    192 F. Supp. 2d 228 (S.D.N.Y. 2002)..................................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................4

*Ayyash v. Bank AL-Madina*,
    233 F.R.D. 325 (S.D.N.Y. 2005) ........................................................................................11

*Bailey v. Synthes*,
    295 F. Supp. 2d 344 (S.D.N.Y. 2003)...................................................................................7

*Brandenburg v. Greek Orthodox Archdiocese of N. Am.*,
    2021 U.S. Dist. LEXIS 102800 (S.D.N.Y. June 1, 2021).....................................................6

*Cenac v. Dep't. of Mental Health & Addiction Servs.*,
    No. 3:17-cv-683 (AWT), 2018 U.S. Dist. LEXIS 238389 (D. Conn. Feb. 28,
    2018) .....................................................................................................................................7

*Community for Creative Non-Violence v. Reid*,
    490 U.S. 730, 104 L.Ed 2d 811, 109 S. Ct. 2166 (1989)............................................9, 11, 12

*Digital Sin, Inc. v. John Does 1-176*,
    279 F.R.D. 239 (S.D.N.Y. 2012) ........................................................................................11

*Frankel v. Bally, Inc.*,
    1994 U.S. Dist. LEXIS 21895 (S.D.N.Y. 1994).................................................................12

*Frankel v. Bally, Inc.*,
    987 F.2d 86 (2d Cir. 1993)................................................................................................8, 9

*Fried v. LVI Services, Inc.*,
    500 Fed. Appx. 39 (2d Cir. 2012) .........................................................................................6

*Germain v. Nielsen Consumer LLC*,
    No. 1:22-cv-1314-GHW, 2023 U.S. Dist. LEXIS 21606, at * 33-34 (S.D.N.Y.
    Feb. 8, 2023) .........................................................................................................................6

## TABLE OF AUTHORITIES
(CONTINUED)

**PAGE**

*Ghorpade v. Metlife, Inc.*,
   2014 U.S. Dist. LEXIS 172408 (S.D.N.Y. Dec. 12, 2014) ...................................................... 6

*Hoffman v. Parade Publs.*,
   15 N.Y.3d 285, 933 N.E.2d 744, 907 N.Y.S.2d 145 (2010) ..................................................... 5

*Hyland v. New Haven Radiology Assocs., P.C.*,
   794 F.2d 793 (2d Cir. 1986) ..................................................................................................... 8

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ..................................................................................................... 8

*Murphy v. Guilford Mills, Inc.*,
   No. 02 Civ. 10105, 2005 U.S. Dist. LEXIS 7160 (S.D.N.Y. April. 22, 2005) .................... 9, 12

*Nationwide Mut. Ins. Co. v. Darden*,
   117 L.Ed. 2d 581, 112 S. Ct. 1344 (1992) ............................................................................... 9

*Night Hawk Ltd. v. Briarpatch Ltd., L.P.*,
   263 F. Supp. 2d 700 (S.D.N.Y. 2003) .................................................................................... 11

*Pakniat v. Moor*,
   145 N.Y.S.3d 30 (1st Dep't 2021) ............................................................................................ 6

*Patrowich v. Chemical Bank*,
   483 N.Y.S.2d 659 (N.Y. 1984) ................................................................................................. 8

*Pedroza v. Ralph Lauren*
   Corp., 2020 U.S. Dist. LEXIS 131504, at *10-11 (S.D.N.Y. July 24, 2020) ........................... 6

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
   507 F.3d 117 (2d Cir. 2007) ..................................................................................................... 2

*Powell v. Consolidated Edison Co. of N.Y., Inc.*,
   No. 97 Civ. 2439 (GEL), 2001 U.S. Dist. LEXIS 2706 (S.D.N.Y. 2001) ................................ 7

*Priore v. N.Y. Yankees*
   307 A.D.2d 67, 761 N.Y.S.2d 608 (1st Dep't 2003) ................................................................ 8

*Salamon v. Our Lady of Victory Hosp.*,
   514 F.3d 217 (2d Cir. 2008) .................................................................................................. 8, 9

*Shal v. Wilco Sys., Inc.*,
   27 A.D.3d 169 (1st Dep't 2005) ............................................................................................... 5

# TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Shiber v. Centerview Partners LLC*,
    2022 U.S. Dist. LEXIS 72710 (S.D.N.Y. Apr. 20, 2022) .............................................. 4

*Stern v. Cosby*,
    246 F.R.D. 453 (S.D.N.Y. 2007) ................................................................................ 11

*Syeed v. Bloomberg L.P.*,
    568 F. Supp. 3d 314 (S.D.N.Y. Oct. 24, 2021) ............................................................ 5

*Thomas v. Held*,
    941 F. Supp. 444 (S.D.N.Y. 1996) ............................................................................. 10

*Tishman v. AP*,
    No. 05 Civ. 4278 (GEL), 2005 U.S. Dist. LEXIS 34356 (S.D.N.Y. Dec. 16, 2005) ......................................................................................................................... 7

*Tuohy v. Bally, Inc.*,
    1997 U.S. Dist. LEXIS 1602 (S.D.N.Y. 1997) .......................................................... 12

*Vollemans v. Town of Wallingford*,
    956 A.2d 579 (Conn. 2008) ......................................................................................... 7

*Williams v. CF Med., Inc.*, 2009 U.S. Dist. LEXIS 19015 (N.D.N.Y. 2009) ................. 12

*Williams v. Runyon*,
    No. 97-Civ-4029, 1999 WL 77207 (S.D.N.Y. Feb. 17, 1999) .................................... 8

*Winston & Strawn v. Dong Won Secs. Co.*,
    2002 U.S. Dist. LEXIS 20952 (S.D.N.Y. 2002) ........................................................ 11

*Zhang v. Wen Mei, Inc.*,
    2015 U.S. Dist. LEXIS 144527 (E.D.N.Y. 2015) ...................................................... 11

## Statutes

28 U.S.C. § 630(f) ................................................................................................................ 8

Conn. Gen. Stat. § 46a-100 .................................................................................................. 7

NYC Admin. Code § 8-107(6) ............................................................................................ 7

NY Exec. Law § 296 (1), (6) ............................................................................................... 7

# TABLE OF AUTHORITIES
(CONTINUED)

**P**AGE

**Other Authorities**

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
§ 2046.1 (3d ed. 2011) ...................................................................................................11

Fed. R. Civ. P. 12(b)(1) and (6) ................................................................................................2, 4

Fed. R. Civ. P. 26(d)(1)................................................................................................................11

## PRELIMINARY STATEMENT

Pursuant to the terms of a written contract between Plaintiff Michael Shaughnessy ("Shaughnessy") and a third-party Procom Services ("Procom"), commencing when he was age fifty-nine, Shaughnessy provided services to Defendant Bank of Nova Scotia (the "Bank") (incorrectly sued as "Scotiabank") as a Project Manager. (Complaint ¶¶ 20, 28, 37-38).[1] He provided these services during the period June 2019 until October 29, 2021, when he was age sixty-one. (¶¶ 18, 57). By the Complaint, Shaughnessy alleges that he was discriminated against based on his age and retaliated against by the Bank together with the individuals Kay Lazidis, Michael Trombly (incorrectly identified as Trombley), and Elyssa Herman (collectively "Defendants"). Plaintiff brings his claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), as well as New York State's Executive Law § 296, *et seq.* ("NYSHRL"), and the Administrative Code of the City of New York § 8-107, *et seq.* ("NYCHRL"). Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) Defendants now move to dismiss Shaughnessy's claims under State and City law, as Plaintiff did not live or work within the State or City of New York at the time these claims arose and thus he cannot avail himself of the protections afforded by these statutes. (¶¶ 68-71; 72- 75; 81-84; 85-88). Defendants Lazidis, Trombly, and Herman separately move to dismiss the claims asserted against them in their individual capacity, as there is no basis for individual liability, absent viable claims under New York State or City Law. (¶¶ 76-80; 89-93). As to Plaintiff's remaining age discrimination and retaliation claims under federal law, pursuant to Fed. R. Civ. P. 26(d)(1), the Bank moves for an Order permitting expedited discovery on the question of whether or not Plaintiff was an

---

[1] Unless indicated otherwise, all citations are to the Complaint and thus will be reported simply by reference to the relevant paragraph ("¶") number.

independent contractor or an employee when he provided services to the Bank, as the determination of that question is dispositive of whether he can invoke the protections of the ADEA.

## STATEMENT OF FACTS[2]

Shaughnessy is a resident of Connecticut. (¶ 10). He has a contract with Procom and pursuant to the terms of that contract, in June 2019, at the age of fifty-nine, he began providing services to the Bank.[3] (¶¶ 11, 18, 20). Shaughnessy's contract was extended three times (¶¶ 37-38), and on August 26, 2021, he was notified that the need for his services would be ending as of October 29, 2021 (¶ 57).

At all times relevant, the services Shaughnessy provided to the Bank were those of a Project Manager. (¶ 28). In March 2020, the Bank closed its New York office at the 250 Vesey Street location due to the global pandemic. (¶¶ 10, 18, 24). Shaughnessy admits that at all times relevant following March 20, 2020, he worked out of his residence in Connecticut. (¶¶ 10, 18).

Shaughnessy alleges that he was discriminated against based on his age and retaliated against for complaining of such discrimination. (¶ 3). By the Complaint, he identifies that the earliest date of any alleged discrimination occurred on March 31, 2021. Specifically, Shaughnessy pleads that on March 31, 2021, during a video conference, Defendants Lazidis and Trombly allegedly first noticed that he had gray hair, and that following this date, their attitudes towards

---

[2] As they must, for purposes of this motion only Defendants accept the allegations of fact in the Complaint as true. However, Defendants do not accept the Complaint's conclusory allegation that Shaughnessy was an "employee" of the Bank. *See Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (for purposes of a Fed. R. Civ. P. 12(b) motion, a court should "tak[e] as true the factual allegations of the complaint, but giv[e] no effect to legal conclusions couched as factual allegations").

[3] Interestingly, in this action alleging age discrimination, Shaughnessy does not plead his date of birth. However, he does admit that he was age sixty-three as of the time he commenced this action in December 2022 (¶¶ 2, 11) and that he was age sixty-one as of March 2021 when Ms. Lazidis and Mr. Trombly allegedly saw that he had gray hair. (¶ 43). From these allegations, it can be derived that he was age fifty-nine when he first commenced providing services to the Bank.

2

him changed in a negative way. (¶¶ 41-44). Shaughnessy contends that he complained of discrimination internally at the Bank on May 17, 2021. (¶ 52). He filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission ("EEOC") on July 14, 2021, and an amended Charge on September 16, 2021. (¶¶ 8, 56). On September 27, 2022, the EEOC issued Shaughnessy a Right to Sue and he filed the Complaint in this action on December 23, 2022, eighty-seven days later.

Although the Complaint includes the conclusory allegation that Shaughnessy was an "employee" of the Bank (¶¶ 1, 12, 55), Shaughnessy admits that (i) he provided services to the Bank pursuant to the terms of a written contract with a third-party provider (¶¶ 20, 37, 38); (ii) he was aware that he was not being hired as an employee and was never hired as an employee (¶¶ 20 49); (iii) the Bank considered him an independent contractor in terms of his eligibility for benefits (¶ 54); (iv) the services he provided, namely Project Management, did not require any special tools or a specific location ( ¶¶ 24, 28); and (v) the duration of his work was of limited time and project-dependent. (¶ 57).[4]

The Parties stipulated to extend Defendants' time to Answer or Move against the Complaint until March 20, 2023. (ECF No. 6).

---

[4] Notably, a review of the Complaint reveals that the allegations Shaughnessy includes purportedly in support of his conclusory statement that he was an "employee" are artfully pleaded to avoid addressing key elements of the *Reid* factors discussed *supra*. For example, the Complaint pleads that Shaughnessy worked exclusively for the Bank and not for any other company during his tenure at the Bank (¶ 25); however, this does not address the reality that Shaughnessy was free to work for other companies during this time. Similarly, the Complaint pleads that Shaughnessy did not hire his own assistants or staff (¶ 27), but this does not address the fact that he certainly could have. Further, the Complaint does not address, among other things, (i) the extent of the hired party's discretion over when and how long to work; (ii) the method of payment; and (iii) the tax treatment of the hired party, all factors that Defendants submit discovery will show weigh in favor of a determination that Shaughnessy was at all times an independent contractor.

## LEGAL ARGUMENT

## POINT I

## STANDARD OF REVIEW

A district court properly dismisses an action under Fed R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction when the court "lacks the statutory or constitutional power to adjudicate the case." *Shiber v. Centerview Partners LLC*, 2022 U.S. Dist. LEXIS 72710, at *7 (S.D.N.Y. Apr. 20, 2022). Plaintiff bears the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Id.* To survive a rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Applying these standards, Defendants respectfully submit that pursuant to Rules 12(b)(1) and (6), Shaughnessy's claims under New York State and City law must be dismissed because on the facts pleaded he cannot invoke the protections of those laws. Further, as the question of whether this Court has subject matter jurisdiction to adjudicate Shaughnessy's claims under federal law turns on the limited factual inquiry regarding whether Shaughnessy was an independent contractor or an employee when he provided services to the Bank, Defendants submit that expedited discovery on that question is appropriate at this time and request that the Court issue an

4

Order directing such discovery.

## POINT II

### PLAINTIFF CANNOT INVOKE THE PROTECTIONS OF NEW YORK STATE OR CITY LAW, AS HE LIVED AND WORKED IN CONNECTICUT AT THE TIME THE EVENTS GIVING RISE TO HIS CLAIMS AROSE

The law is clear that where an individual wishes to invoke the protections of New York State's Human Rights Laws (NYSHRL) or the Administrative Code of the City of New York (NYCHRL), that person must either (i) reside in the State or City or (ii) if a non-resident, the individual must be able to show that they experienced the "impact" of the alleged discriminatory conduct within the physical borders of the State or City. As the Court of Appeals explained in *Hoffman v. Parade Publs.*, 15 N.Y.3d 285, 933 N.E.2d 744, 907 N.Y.S.2d 145 (2010), it is the intent of these laws to protect the "inhabitants" of New York and persons "within" the State or City, and thus "a nonresident must plead and prove that the alleged discriminatory conduct had an impact in New York" to invoke the protections of these laws. *Id.*, 15 N.Y.3d at 290-292 (addressing the requirements of both the NYSHRL and the NYCHRL); *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 329 (S.D.N.Y. Oct. 24, 2021). Further, in determining where the "impact" of discriminatory conduct occurs, New York has adopted the bright line rule that the "impact" occurs where the discrimination was felt by the plaintiff. Stated differently, the courts have ruled that the place where the alleged discriminatory decision to terminate was made is not relevant; it is where the impact of that decision was felt. *Hoffman*, 15 N.Y.3d at 290-92 (affirming dismissal where plaintiff lived and worked in Georgia, even though he was managed from NYC and the decision to terminate plaintiff was made and executed in NYC); *see Shal v. Wilco Sys., Inc.*, 27 A.D.3d 169, 176 (1st Dep't 2005) (dismissing NYSHRL claim on the grounds that even if termination decision was made in the city, its impact on the plaintiff was felt outside the city).

Applying the impact analysis, on facts analogous to those presented here, the courts have made clear that non-resident plaintiffs like Shaughnessy, who did not work within the borders of New York State or City at the time of the alleged discriminatory conduct, cannot invoke the protections of these laws. For example, in *Fried v. LVI Services, Inc.*, 500 Fed. Appx. 39, 42 (2d Cir. 2012), the Court affirmed the dismissal of age discrimination claims under the NYCHRL where the plaintiff had lived and worked in Connecticut at the time of the alleged discrimination. *See also Germain v. Nielsen Consumer LLC,* No. 1:22-cv-1314-GHW, 2023 U.S. Dist. LEXIS 21606, at * 33-34 (S.D.N.Y. Feb. 8, 2023) (a Connecticut plaintiff cannot bring a claim under the NYSHRL and NYCHRL when they failed the "impact analysis" required for standing); *Pakniat v. Moor*, 145 N.Y.S.3d 30 (1st Dep't 2021) (finding there was no subject matter jurisdiction over New York state and city claims because plaintiff was living and working in Canada at the time of the alleged discriminatory conduct, even though that remote situation was only the result of the Covid-19 pandemic); *Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 221 (E.D.N.Y. 2018) (dismissing NYCHRL claims where plaintiff lived and worked in Long Island); *Brandenburg v. Greek Orthodox Archdiocese of N. Am.*, 2021 U.S. Dist. LEXIS 102800, at *20-21 (S.D.N.Y. June 1, 2021) (dismissing NYCHRL claims where the plaintiff lived in Missouri and failed to plead how frequently they traveled to NYC); *Pedroza v. Ralph Lauren* Corp., 2020 U.S. Dist. LEXIS 131504, at *10-11 (S.D.N.Y. July 24, 2020) (dismissing claims where plaintiff was based in the New Jersey office, although she had previously worked in the New York office, because that is where she faced the alleged discrimination); *Ghorpade v. Metlife, Inc.*, 2014 U.S. Dist. LEXIS 172408, at *6-8 (S.D.N.Y. Dec. 12, 2014) (dismissing claims and noting that plaintiff was not in New York when he was terminated).

Here, as Shaughnessy himself pleads, he is not a resident of New York and he was living

and working in the State of Connecticut when the alleged age discrimination of which he complains occurred. Accordingly, as a matter of law, he has not, and indeed cannot, plead or prove that he suffered the requisite discriminatory impact within the borders of New York to invoke the protections afforded by the NYSHRL or NYCHRL. It follows that Plaintiff's claims under these statutes should be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim.[5]

### POINT III

### PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THERE IS NO BASIS FOR INDIVIDUAL LIABILITY UNDER FEDERAL LAW

Shaughnessy's claims of age discrimination and retaliation under the ADEA do not permit individual liability. *See Tishman v. AP*, No. 05 Civ. 4278 (GEL), 2005 U.S. Dist. LEXIS 34356, at *6 (S.D.N.Y. Dec. 16, 2005); *Bailey v. Synthes*, 295 F. Supp. 2d 344, 354 (S.D.N.Y. 2003); *see also Powell v. Consolidated Edison Co. of N.Y., Inc.*, No. 97 Civ. 2439 (GEL), 2001 U.S. Dist. LEXIS 2706, at *8 (S.D.N.Y. 2001). The only basis for Shaughnessy to name Lazidis, Trombly, and Herman as individual defendants is derived from New York State and/or City law. (*See* ¶¶ 68-71, 72-75, 76-80, 81-84, 85-88. 89-93). The NYSHRL and NYCHRL provide individual liability may be imposed if the individual was an employer or the individual aided and abetted a violation of the law committed by the employer. *See* NY Exec. Law §296 (1), (6); NYC Admin.

---

[5] Shaughnessy is also barred from asserting a claim of age discrimination or retaliation under Connecticut State law, as his time to do so has passed. As a jurisdictional pre-requisite, to proceed with a claim under Connecticut law, a plaintiff must first file a claim with Connecticut's Commission on Human Rights and Opportunities ("CHRO") and he has 300 days from the alleged discriminatory act to do so. *See* Conn. Gen. Stat. § 46a-100; *Vollemans v. Town of Wallingford*, 956 A.2d 579, 581 (Conn. 2008). Here, Claimant has failed to timely pursue such a claim, and his filing with the EEOC did not toll his time to do so. *See Cenac v. Dep't. of Mental Health & Addiction Servs.*, No. 3:17-cv-683 (AWT), 2018 U.S. Dist. LEXIS 238389, at *5 (D. Conn. Feb. 28, 2018) (holding that Plaintiff's EEOC filing does not absolve him of his requirement to file a charge with the CHRO).

Code §8-107(6); *Patrowich v. Chemical Bank*, 483 N.Y.S.2d 659, 661 (N.Y. 1984); *Priore v. N.Y. Yankees*, 307 A.D.2d 67, 74, 761 N.Y.S.2d 608, 614 (1st Dep't 2003). Here, for the reasons stated above, Shaughnessy cannot invoke the protections of New York State or City law, as he lived and worked in Connecticut at all times relevant to his claims. Accordingly, Defendants Lazidis, Trombly, and Herman are each entitled to dismissal of all claims of individual liability asserted against them.

## POINT IV

### EXPEDITED DISCOVERY PURSUANT TO RULE 26(D)(1) IS APPROPRIATE HERE AS THE QUESTION OF WHETHER PLAINTIFF WAS AN EMPLOYEE IS DISPOSITIVE OF WHETHER HE CAN PROCEED WITH AN ADEA CLAIM

It is well settled that the protections of the ADEA do not extend to independent contractors. Stated differently, one must be an employee to have standing to invoke the protections of the ADEA. *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008); *Frankel v. Bally, Inc.*, 987 F.2d 86, 89 (2d Cir. 1993) ("[t]he ADEA provides no coverage for independent contractors"); *see also* 28 U.S.C. § 630(f) (independent contractors are not employees under the ADEA, and as such, are not protected against age discrimination); *Hyland v. New Haven Radiology Assocs., P.C.*, 794 F.2d 793, 797 (2d Cir. 1986) (same). It is equally well settled that a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[6]

---

[6] Indeed, on a motion to dismiss, in its assessment of whether it has subject matter jurisdiction, the Court "need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings." *Williams v. Runyon*, No. 97-Civ-4029, 1999 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999) (and cases cited therein).

8

The determination of whether an individual is an employee or independent contractor for purposes of invoking the protections of the ADEA turns on the application of common law principles of agency. *See Frankel v. Bally, Inc.*, 987 F.2d 86, 90 (2d Cir. 1993) (ruling that analysis under ADEA employs common law agency test, not economic realities test of FLSA); *cf. Nationwide Mut. Ins. Co. v. Darden*, 117 L.Ed. 2d 581, 112 S. Ct. 1344 (1992) (observing FLSA's expansive definition of the term "employ" differs from language used in ADEA and Title VII). The common law agency analysis focuses on the "hiring party's right to control the manner and means by which the product is accomplished." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751, 104 L.Ed 2d 811, 109 S. Ct. 2166 (1989). And, as the Court in *Reid* observed, the factors to be considered in this inquiry are:

> The skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has thee right to assign additional projects o the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.*, 490 U.S. at 751-52; *see Frankel*, 987 F.2d at 90 (observing that the list of factors is non-exhaustive and part of a flexible analysis of the totality of the circumstances). Further, the Second Circuit has clarified that as to the listed factors, the court must weigh only those "that are actually indicative of agency in the particular circumstances, disregarding those that are either irrelevant or of indeterminate weight." 514 F.3d 217, 227 (2d Cir. 2008) (internal citations omitted).

Here, Defendants respectfully submit, that discovery will show that the *Reid* factors weigh almost exclusively in favor of a determination that Shaughnessy was not an employee of the Bank's and accordingly that, as a matter of law, he cannot invoke the protections of the ADEA or

9

the jurisdiction of this Court. *See Murphy v. Guilford Mills, Inc.*, No. 02 Civ. 10105, 2005 U.S. Dist. LEXIS 7160, *13 (S.D.N.Y. April. 22, 2005) (observing that although the application of the agency test generally involves questions of fact, the determination of whether one is an employ or an independent contractor is question of law for the Court to decide); *cf. Thomas v. Held*, 941 F. Supp. 444, 450 (S.D.N.Y. 1996) (dismissing plaintiff's ADEA claim at the pleading stage where the complaint pleaded that the relationship between plaintiff and defendants was "of a quasi-employment nature" and the allegations made clear that plaintiff was fully in control of the means and manner thorough which his work was accomplished). As recited above, among other things, on the face of the Complaint, Shaughnessy has clearly admitted that he was not an employee either when he commenced providing services to the Bank or at any time thereafter. Indeed, the gravamen of his complaint is that somehow the Bank wrongfully discriminated against him when it terminated his contract – which contract he admits was with Procom, even though the Bank had previously three times renewed the same to meet the demands of the projects he managed. (*See* ¶¶ 20, 21, 37, 57). Further, contrary to the conclusory statement in the Complaint that he was an employee, Defendants submit the discovery will show Shaughnessy recognized himself to be an independent contractor to the Bank; was never on the Bank's payroll and did not report any W-2 or 1099 income from the Bank; he retained the right to provide his services to other Companies while he provided services to the Bank; he controlled the location of his work, as well as the amount of time he worked; the services he provided did not need any specialized equipment; and the duration of the relationship between the parties was a limited one. Stated differently, Defendants submit that limited expedited discovery will show that as a matter of law they did not exercise the requisite degree of control of the manner and means by which Shaughnessy provided services to permit him to proceed with claims under the ADEA.

In these circumstances, namely, where the issues presented are dispositive of whether Shaughnessy can state a claim and indeed whether the subject matter jurisdiction of this Court is properly invoked, the Federal Rules permit the Court, in the exercise of its discretion, to direct expedited discovery on the jurisdictional question. *See* Fed. R. Civ. P. 26(d)(1); *Zhang v. Wen Mei, Inc.*, 2015 U.S. Dist. LEXIS 144527 (E.D.N.Y. 2015) (ordering expedited discovery to determine the interrelatedness of co-defendants, one of which was plaintiff's employer-restaurant); *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 263 F. Supp. 2d 700 (S.D.N.Y. 2003) (granting expedited discovery on the question of diversity jurisdiction and the principal place of business of the parties); *Winston & Strawn v. Dong Won Secs. Co.*, 2002 U.S. Dist. LEXIS 20952 (S.D.N.Y. 2002) (granting expected discovery regarding jurisdictional issues).

When considering whether to grant a motion for expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1), courts generally apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (*quoting Ayyash v. Bank AL-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); *see also Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007); *accord* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011) ("[a]lthough [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). "As the Rules permit the Court to act by order, but do not elaborate on the basis for taking action, it seems that the intention of the rule-maker was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent test." *Ayyash*, 233 F.R.D. at 326.

Here, discovery relating to the *Reid* factors, as outlined above, is straightforward and

11

distinct from the type of discovery relevant to whether someone engaged in discrimination, harbored age animus, or unlawfully retaliated against the plaintiff. At the conclusion of this expedited discovery, Defendants anticipate that there will be no disputed issues of material fact and they will seek permission to move for summary judgment dismissing Plaintiff's ADEA claim. The courts have regularly found a determination of this issue to be appropriate on summary judgment. *See, e.g., Williams v. CF Med., Inc.*, 2009 U.S. Dist. LEXIS 19015 (N.D.N.Y. 2009) (finding plaintiff was independent contractor and therefore could not proceed with ADEA claim); *Reid*, 490 U.S. at 751-52 (concluding Reid was not an employee, but an independent contractor); *Tuohy v. Bally, Inc.*, 1997 U.S. Dist. LEXIS 1602 (S.D.N.Y. 1997); *Frankel v. Bally, Inc.*, 1994 U.S. Dist. LEXIS 21895 (S.D.N.Y. 1994); *Murphy v. Guilford Mills, Inc.*, No. 02-Civ. 1010, 2005 U.S. Dist. LEXIS 7160, at *13 (S.D.N.Y. Apr. 22, 2015); *Anyan v. N.Y. Life Ins. Co.*, 192 F. Supp. 2d 228 (S.D.N.Y. 2002) (finding that reasonable jury could only conclude that the plaintiff was an independent contractor). Therefore, Defendants submit there is good cause to order expedited discovery on the limited issue of whether Plaintiff is an independent contractor, and such an order is reasonable and justified in light of the instant facts.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit they are entitled to dismissal of Plaintiff's claims under New York State and City law. Accepting the allegations of the Complaint as true, Shaughnessy admits that at all times relevant he lived and worked in Connecticut, and accordingly, as a matter of law, there is no basis for Shaughnessy to invoke the jurisdiction of the New York statutes sued upon. Similarly, Defendants submit that discovery will show that Shaughnessy cannot invoke the protections of the ADEA, as he provided services to the Bank as an independent contractor. As the question of his status as an employee or independent contractor

is dispositive of whether this Court has subject matter jurisdiction over his claims under the ADEA, Defendants respectfully request that this Court direct that the Parties proceed with expedited discovery on the facts relevant to that inquiry.

Dated: March 17, 2023
      New York, New York

*Margaret L. Watson* (signature)

Margaret L. Watson
Adriana H. Foreman
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
(212) 583-9600
mwatson@littler.com
aforeman@littler.com

*Attorneys for Defendants*

13